### WHITE v. WHITE et al.

*(Superior Court of New York City, General Term.* November 3, 1890.)

1. EQUITY—ACCOUNTING.

    In an action to set aside a sale of copartnership property made by plaintiff to his copartners, and for an accounting, an order was entered appointing a referee to state an account, and report "whether either of the parties is indebted to the other," and providing that on the coming in of the report either party may "move for judgment thereon," and that nothing should "prevent either party from preferring, * * * nor prevent the referee from passing upon, * * * any claim by either party in his own favor." *Held,* that the court directed a general accounting, so that either party might have judgment against the other, and that plaintiff, by not appealing, acquiesced in such direction, and could not complain of an affirmative judgment for defendants on the ground that no affirmative relief was demanded in their answer.

2. SAME—PLEADING—AMENDMENT.

    Even if plaintiff had not acquiesced, the general term, to sustain the judgment, would order the answer amended by inserting a prayer for affirmative relief, or by making the answer conform to the facts proved.

    Appeal from judgment entered upon the report of a referee.

    Action by George W. White against Eleanor White and others as executors of Charles White, deceased, and Mary Reed as executrix of Horatio Reed, deceased. There was a judgment for defendants, and plaintiff appeals. For decision on a former appeal, see 55 N. Y. Super. Ct. 417.

    Argued before TRUAX and O'GORMAN, JJ.

    *Holmes & Adams,* for appellant. *B. F. Edsall,* (*Albert Stickney,* of counsel,) for respondents.

    TRUAX, J. In stating the accounts between the parties the referee followed the rule laid down by the general term on the former appeal, and the judgment entered on his report must be affirmed, unless he erred in giving an affirmation judgment in favor of the defendants against the plaintiff, a question that was not before the general term on the former appeal. The action was brought by plaintiff to set aside, on the ground of fraud, a sale of copartnership property made by him to the testators of the defendants, who were at the time of the sale plaintiff's copartners, and for an accounting. The defendants denied the fraud, and demanded that the complaint be dismissed, but asked for no affirmative judgment. The court before whom the case was tried set aside the sale, and ordered an accounting between the copartners as of the time of the sale. The judgment entered on the report of the referee who had taken the accounting was set aside, and a new reference ordered. On this last reference the referee found that plaintiff was indebted to defendants, and ordered judgment in favor of the defendants, and against plaintiff, for the sum so found, and judgment was entered accordingly. The plaintiff contends that this was error because defendants had not demanded affirmative relief in their answers. The trial court appointed a referee, and directed that referee to state an account between the parties to the action "in respect of said partnership assets, and also partnership liabilities, and of such amounts, if any, in which each may be liable or interested by reason of the premises; and that said referee ascertain and report * * * whether either of the parties is indebted to the other by reason of property appropriated, or cash withdrawn or received, and what is the amount of such indebtedness. * * * That on the coming in and confirmation of said report either party may * * * move for judgment thereon." The judgment further provided that nothing in it contained should "prevent either party from preferring before the referee, nor prevent the referee from passing upon, when preferred, any claim by either party to credit in his own favor or to debit against any other party in addition to the specific sums hereinbefore particularly directed to be charged or credited." From this judgment plaintiff has not appealed. I am of the opinion that it was the intention of the trial court to direct, and that it did direct, a general accounting as between the copartners of all of the copartnership affairs, to the end that the party or parties who should be found on such accounting to be entitled to judgment should have judgment against the other party, and that plaintiff, by not appealing, has acquiesced in such direction. But, even if plaintiff had not acquiesced, this court, in the interest of justice, and to sustain a judgment, would order the answers to be amended by inserting a prayer for affirmative relief, or by making the answers conform to the facts proved, if such amendment were necessary. The judgment and orders appealed from are affirmed, with costs.